**SECOND DIVISION
RICKMAN, P. J.,
GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 22, 2025**

# In the Court of Appeals of Georgia

A25A1362. McLEOD v. BITCO INSURANCE COMPANIES.

RICKMAN, Presiding Judge.

In this appeal arising from a personal injury lawsuit, Gregory McLeod appeals from the trial court's order granting BITCO Insurance Companies' motion to enforce a workers' compensation lien. On appeal, McLeod argues, inter alia, that the trial court erred in finding that McLeod was fully and completely compensated based on a lump sum settlement that did not differentiate between economic and noneconomic losses. For the following reasons, we reverse.

The record reflects that McLeod sued several parties for damages arising out of a motor vehicle accident. BITCO, McLeod's employer's workers' compensation carrier, intervened in the action pursuant to OCGA § 34-9-11.1 to assert its right to a

workers' compensation subrogation lien. McLeod subsequently settled the underlying tort case for a lump sum of $325,000.

The trial court held a hearing on the issue of BITCO's workers' compensation lien. At the hearing, BITCO called no witnesses and presented no exhibits. McLeod called no witnesses but presented two exhibits - the settlement agreement releasing the claims against the defendants and a life care plan prepared by McLeod's expert projecting future medical costs of $215,275 for McLeod. After the hearing, BITCO filed a motion to enforce its workers' compensation lien, and both parties filed post-hearing briefs. BITCO attached to its post-hearing brief an affidavit by a BITCO claims supervisor, who stated that the total amount paid to McLeod by BITCO was $166,371.59.

The trial court granted BITCO's motion to enforce its workers' compensation lien, finding that, taking into account the approximately $166,371.59 paid by BITCO and the $325,000 paid by the named defendants, McLeod "will have recovered enough to cover [the cost of future medical expenses suggested in the life care plan] so that he could be found to have recovered all economic and non-economic expenses in this action."

This appeal followed.

1. McLeod argues that the trial court erred in finding that McLeod had been fully and completely compensated based on the lump-sum settlement that did not differentiate between economic and noneconomic losses. We agree.

OCGA § 34-9-11.1 (a) allows an employee entitled to workers' compensation benefits to bring an action against a third-party tortfeasor. OCGA § 34-9-11.1 (b), in turn, provides:

> In the event an employee has a right of action against such other person . . . , then the employer or such employer's insurer shall have a subrogation lien . . . against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section is limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

OCGA § 34-9-11.1 (b).

"The employer [or insurer] has the burden of proving that the injured employee has been fully and completely compensated for his economic and noneconomic losses,

3

and whether the employer [or insurer] has carried that burden is a question for the trial court." *Best Buy Co. v. McKinney*, 334 Ga. App. 42, 44-45 (1) (778 SE2d 51) (2015). "On appeal, we defer to the trial court's determination as to whether there has been full and complete compensation unless clearly erroneous." Id. at 45 (1). "[B]ecause a subrogation lien is available only against recovery for economic losses, a trial court cannot enforce the lien against the portion of the employee's recovery that was meant to compensate him for his noneconomic losses, i.e., his pain and suffering." Id. The employer or insurer must show that "no portion of the lien is taken against recovery for noneconomic losses" to meet its burden to enforce the lien. (Citation and punctuation omitted.) *Donegal Mut. Ins. Group v. Jarrett*, 364 Ga. App. 506, 509 (2) (875 SE2d 496) (2022). "Generally, a lump-sum settlement . . . prevents a court from determining what portion of the settlement was allocated to economic losses and what portion was meant to compensate for noneconomic losses." (Citation and punctuation omitted.) Id. "If the trial court is unable to determine what portion of the employee's recovery against the third party was meant to compensate him for his economic losses versus his noneconomic losses, the court cannot enforce the lien." (Citation and punctuation omitted.) Id.

Here, the settlement agreement did not apportion the settlement proceeds between economic and noneconomic losses. At the hearing, BITCO did not present any evidence to show what part of the lump-sum settlement was for economic losses and what part was for noneconomic losses. On appeal, BITCO asserts that McLeod's life care plan was evidence of economic damages in the form of McLeod's future medical costs and argues that the trial court determined that BITCO's lien was enforceable "based on the entire record before it," including the life care plan and the deposition testimony of the life care planning expert. However, BITCO points to no specific evidence in the record that shows what portion of the settlement was meant to compensate McLeod for his economic losses versus his noneconomic losses. Under these circumstances, BITCO has failed to show that "no portion of the lien is taken against recovery for noneconomic losses." (Citation and punctuation omitted.) *Donegal Mut. Ins. Group*, 364 Ga. App. at 509 (2). Consequently, BITCO failed to meet its burden of showing that McLeod was fully and completely compensated within the meaning of OCGA § 34-9-11.1, and the trial court erred in granting BITCO's motion to enforce the lien. See id.; see also *Best Buy Co.*, 334 Ga. App. at 48 (1) (trial court properly denied motion to enforce lien where employer was unable to

show what portion of settlement proceeds was for economic losses versus noneconomic losses).

2. Given our conclusion in Division 1, we need not address McLeod's other enumerations of error.

*Judgment reversed. Davis, J. concurs and Gobeil, J., concurs in judgment only.*